**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 05-1947**

———————

LINDA PLEMONS, a/k/a Linda Plemons Buechler,

Plaintiff - Appellant,

versus

DOUGLAS Q. GALE; ADVANTAGE 99 TD, a Delaware
business trust, by and through its trustee;
U.S. PUBLIC FINANCE, INCORPORATED, a Delaware
corporation,

Defendants - Appellees.

———————

Appeal from the United States District Court for the Southern
District of West Virginia, at Charleston.  Joseph Robert Goodwin,
District Judge.  (CA-03-418-2)

———————

Submitted:  December 21, 2005        Decided:  January 19, 2006

———————

Before NIEMEYER, MICHAEL, and MOTZ, Circuit Judges.

———————

Affirmed by unpublished per curiam opinion.

———————

James T. Cooper, Charleston, West Virginia, for Appellant.  Edward
Pope Tiffey, Charleston, West Virginia, for Appellees.

———————

Unpublished opinions are not binding precedent in this circuit.
See Local Rule 36(c).

PER CURIAM:

This case comes to us on remand from the district court, which originally granted summary judgment to Linda Plemons. See Plemons v. Gale, 298 F. Supp. 2d 380 (S.D. W. Va. 2004). The district court concluded that, because Plemons had not received constitutionally adequate notice of her right to redeem certain real property, a deed to that property obtained through the state tax-sale procedure must be set aside. Id. at 390.

Advantage 99 TD, the tax lien purchaser, and Douglas Q. Gale, who subsequently acquired the property, appealed to this court, asserting that the notice provided to Plemons did meet constitutional requirements. In a published opinion, we vacated the judgment of the district court and remanded for further proceedings. See Plemons v. Gale, 396 F.3d 569 (4th Cir. 2005). We set forth the facts and applicable legal principles in that opinion and need not repeat them here. We concluded that the record did not disclose "what efforts, if any, Advantage made to search public documents" after the original notices to Plemons were returned as undeliverable. Id. at 578. We also noted that the record did not reveal whether Plemons' proper address would have been "ascertainable" from such a search, rendering the search more than a futile gesture. Id. Accordingly, we remanded the case for resolution of these questions in further proceedings before the district court. Id.

On remand, the parties conducted additional discovery and then filed cross-motions for summary judgment. On the basis of the undisputed facts, the district court found that the defendants had not made any effort to search public records after the initial notices to Plemons were returned as undeliverable, but since Plemons' correct address never appeared in the public records, her address would not in any event have been "ascertainable" from such a search. Accordingly, the district court granted summary judgment to the defendants, Advantage and Gale.

Plemons appeals. She does not contend that the district court improperly relied on a disputed issue of material fact. Instead, she questions the legal rationale for the district court's holding.[*] As the district court recognized, given the facts revealed by subsequent discovery, our opinion and mandate required the grant of summary judgment to Advantage and Gale. See S. Atl. Ltd. P'ship v. Riese, 356 F.3d 576 (4th Cir. 2004). Accordingly, we affirm the judgment of the district court.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

---

[*]After the parties conducted additional discovery on remand, Plemons filed a brief motion to amend her complaint. She also appeals the district court's denial of that motion. We affirm the district court's order denying that motion as untimely.